IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRY WAYNE NEWBERRY,<br><br>Defendant. | Case No. 25-CR-00321-SEH |

## OPINION AND ORDER

Before the Court is the government's unopposed motion for pretrial determination of Indian Country. [ECF No. 25]. For the reasons provided below, the motion is granted.

A federal grand jury charged Defendant Barry Newberry in a single-count indictment with assault with a dangerous weapon with intent to do bodily harm in Indian Country. [ECF No. 2]. The government asserts that Newberry committed the crime charged in the Indictment at 207 S Memorial Drive, Tulsa, Oklahoma. [ECF No. 25 at 1].[1]

---

[1] The Court notes that the government states in its unopposed motion that this address is "where the indictment alleges Barry Wayne Newberry committed the crime charged." [ECF No. 25 at 1]. However, the Indictment only alleges that the crime occurred "within Indian Country in the Northern District of Oklahoma," not at a specific address. [ECF No. 2 at 1].

The government seeks a pretrial determination, as a matter of law, that 207 S Memorial Drive, Tulsa, Oklahoma is within the boundaries of the Muscogee (Creek) Nation, and therefore within Indian Country, as defined by 18 U.S.C. § 1151(a). [ECF No. 25 at 1]. The defendant does not object to the government's motion. [*Id.*].

"As a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." *United States v. Roberts*, 185 F.3d 1125, 1139 (10th Cir. 1999). Therefore, a trial court "makes the jurisdictional ruling a particular tract of land or geographic area is Indian Country, and then instructs the jury to determine whether the alleged offense occurred there." *Id.*

Because the government is the party invoking the Court's jurisdiction, it bears the "burden of persuading this court by a preponderance of the evidence that the court has jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). "Indian country" includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government." 18 U.S.C. § 1151.

The Muscogee (Creek) Nation's reservation was created by federal law. "In a series of treaties, Congress not only 'solemnly guarantied' the land but also "establish[ed] boundary lines which will secure a country and permanent

2

home to the whole Creek Nation of Indians." *McGirt v. Oklahoma*, 591 U.S. 894, 899–900 (2020). The reservation's initial boundaries were created in 1833. *See* Treaty with the Creeks, Art. II, Feb. 14, 1833, 7 Stat. 418. Following the American Civil War, the size of the reservation was reduced, and it took on the familiar shape it retains to the present day. Treaty Between the United States and the Creek Nation of Indians, Art. III, June 14, 1866, 14 Stat. 786.

    The government submits for the Court's review a link to a map of the Muscogee (Creek) Nation, though the link directs the Court to a webpage that shows an error message stating "The map could not be loaded." However, the government also attaches a copy of the map as an exhibit, which shows 207 S Memorial Dr, Tulsa, Oklahoma, 74112 as being located within the boundaries of the Muscogee (Creek) Nation. [ECF No. 25-1]. The Court finds that the government has carried its burden of showing by a preponderance of the evidence that 207 S Memorial Dr, Tulsa, Oklahoma, 74112 as being located within the boundaries of the Muscogee (Creek) Nation and, therefore, within Indian country under 18 U.S.C. § 1151. A jury, however, must determine whether the alleged crime occurred at this location.

IT IS THEREFORE ORDERED that the government's unopposed motion for pretrial determination of Indian Country, [ECF No. 25], is GRANTED.

DATED this 20th day of January, 2026.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE